Edgar M. GEORGE, Plaintiff,

v.

BRICKLAYERS, MASONS AND PLASTERERS INTERNATIONAL UNION OF AMERICA, Defendant.

No. 64–C–353.

United States District Court
E. D. Wisconsin.

June 27, 1966.

Robert E. Gratz, Milwaukee, Wis., for plaintiff.

Frederick P. Mett, Milwaukee, Wis., for defendant.

REYNOLDS, District Judge.

Plaintiff, who is a member of defendant union, was dismissed from his employment as a Special Deputy of said union. He brings this action under the Landrum Griffin Act, seeking (1) reinstatement, (2) full back pay from the date of his discharge, (3) any loss of insurance or pension benefits, and (4) a permanent injunction enjoining defendant from in any way discriminating against him by reason of rights guaranteed in the Landrum Griffin Act.

This case is presently before the court on defendant's motion to dismiss the action upon the grounds (1) that the defendant was not properly served with process, (2) that there is improper venue, (3) that this court does not have jurisdiction over the subject matter of the action, and (4) that the complaint fails to state a claim against the defendant upon which relief can be granted.

Defendant is an international union, the Bricklayers, Masons and Plasterers International Union of America, hereinafter referred to as the "International." For approximately nine years prior to September 30, 1964, the plaintiff, Edgar M. George, a member of defendant union, was employed as a Special Deputy of the International. During the months of June, July, August, and September 1964, plaintiff alleges that he was assigned by the defendant to Local 8 located in Milwaukee, Wisconsin, to aid said local in the negotiation of wages, hours, and other terms and conditions of employment.

A dispute arose within Local 8 concerning the authority of the local arbitration board to execute a labor agreement with certain employers without prior ratification of Local 8's membership. In September 1964, an International convention was held, plaintiff states, by defendant, during which various resolutions were introduced to amend the union constitution to provide for membership ratification of all agreements and the right to strike, absent such ratification.

Plaintiff indicated at a meeting of the general officers, executive board, and representatives held September 11, 1964, that he favored amending the constitution in the aforementioned manner. According to plaintiff, defendant's president told him during the meeting that if he proposed such a constitutional amendment from the convention floor, he would be immediately discharged. At this meeting, plaintiff alleges, resolutions introduced to amend the constitution in the respect aforesaid and submitted by various local unions were attributed to plaintiff.

On September 27, 1964, the complaint alleges, plaintiff received a letter dated September 25, 1964, from defendant's president discharging plaintiff effective September 25, 1964. Plaintiff contends that he then requested a hearing before defendant's executive board and was informed by defendant's president that he was not entitled to a hearing or any further consideration with respect to his discharge.

Plaintiff alleges that his discharge constituted a violation of Sections 101(a) (1) and 101(a) (2) of the Landrum Griffin Act (29 U.S.C.A. Sections 411(a) (1) and (2)). He bases jurisdiction of this court upon Section 102 (29 U.S.C.A. Section 412) and/or Section 609 (29 U.S.C.A. Section 529) of the Landrum Griffin Act. Defendant asks this court to dismiss this case on the aforementioned four grounds. Each ground will be discussed separately.

1. SERVICE OF PROCESS

Service of the summons and complaint in the instant matter was made upon Howard Heidenreich and George Bilder, Deputy and Alternate Deputy, respectively, of Bricklayers, Masons, Marble Masons' Protective International Union No. 8 of Wisconsin. Defendant contends that the Deputy and Alternate Deputy of Union No. 8 are solely officers and agents of said union and not officers and agents of the defendant labor organization.

We cannot agree with this contention, at least insofar as it relates to the office

of Deputy. The constitution of defendant International, portions of which are paraphrased or quoted below, makes it quite clear that the Deputy is a general agent of International:

(a) " * * * He [the president of defendant union] shall have the power to visit subordinate unions and inspect their proceedings, either personally or by deputy, * * *." (Article VIII, Section 1, p. 32)

(b) The Deputy is the sole local union officer elected subject to the approval of the president of the International. (Article XXII, Section 1, pp. 106–107)

(c) The Deputy installs all of the officers of the local union, obligates and instructs new members, and is invested with the authority of enforcing all laws of the International. (Article XXII, Section 1, p. 107)

(d) The Deputy is allowed to hold no other office in the local union except that of convention delegate. (Article XXII, Section 1, p. 107)

(e) The Deputy is invested with the authority and possesses the duty to report any local's violation of its own constitution or the constitution of the International to the president of the International. (Article XXII, Section 2, p. 107)

(f) The Deputy has the authority to disqualify members from holding office in any local union. (Article XXII, Section 2, pp. 107–108)

(g) Where two or more local unions exist in a city, the Deputy is instructed to establish and enforce a relationship among all such local unions. (Article XXII, Section 3, p. 108)

(h) The Deputy is instructed to enforce Article II, Sections 14, 15, and 16 of the constitution in the local union, and to report to the president of the International all local unions of his city, town, or village which neglect to comply with the aforesaid sections of the International constitution. (Article XXII, Section 4, p. 108)

(i) The Deputy is required to " * * hold himself in readiness at all times to perform any service or go on any mission that may be required by the President of the I.U. * * *" (Article XXII, Section 4, p. 108)

(j) It is the further duty of the Deputy to see that the local union's monthly reports to the International are properly made out and signed, and accurate in every respect. (Article XXII, Section 5, pp. 108–109)

This case is unlike Morgan Drive Away, Inc. v. International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, 268 F.2d 871, 875–876 (7th Cir. 1959), cert. denied 361 U.S. 896, 80 S.Ct. 199, 4 L.Ed.2d 152, cited by defendant, because in that case the district court had found as a matter of fact that:

" ' * * * nowhere in the Constitution of the International Union is there any authority granted to the official or representative of any affiliated local union, Joint Council, State or area Conference, with the exception of the Chairman of area conferences, [sic] to hold himself out to be an official, representative, or agent of the International Union.' * * * "

Here the constitution of defendant union clearly establishes that Deputy Heidenreich, at the time in question, was a general agent of defendant. It is clear from the affidavits filed herein that the Deputy and Alternate Deputy notified defendant of the action on file and that full opportunity was afforded the defendant to defend this action. Service of process in this case was proper. Underwood v. Maloney, 14 F.R.D. 222 (E.D.Pa.1953).

## 2. VENUE

Pursuant to the provisions of Sections 102 and 609 of the Landrum Griffin Act (29 U.S.C.A. Sections 412 and 529), venue is proper in this court. Section 102 provides that an action against a labor organization for a violation of any of the rights guaranteed in Title I shall be brought " * * * in the district court of the United States for the district where the alleged violation occurred, or where the principal office of such labor organization is located." Sec-

tion 609 makes the above provision of Section 102 applicable to actions governed by it.

The letter of discharge attached to plaintiff's affidavit shows that the violation, if any, occurred upon plaintiff's receipt of that letter in the City of Milwaukee, Wisconsin. Had this letter been lost in the mail and no further action taken with respect to plaintiff's discharge, plaintiff might well be on the job today. No objection, therefore, as to venue can succeed.

## 3. JURISDICTION OVER THE SUBJECT MATTER

■ Defendant contends that Sections 101(a) (1) and 101(a) (2) of the Landrum Griffin Act (29 U.S.C.A. Sections 411(a) (1) and (2)) do not apply to employment rights of labor union members who are also officers and employees, but solely to membership rights. We cannot agree with this conclusion.

Plaintiff alleges that he was discharged because defendant's president knew he favored certain amendments to the union constitution and thought he had a hand in their proposal at the International convention. The right to engage in such intraunion political activity is guaranteed to union members by Sections 101(a) (1) and 101(a) (2) of the Act. Nothing in the statutory language excludes members who are officers. Congress certainly intended that the guarantees of equal political rights and freedom of speech and assembly contained in Sections 101(a) (1) and 101(a) (2) apply to officer-members and employee-members. As the Court stated in Grand Lodge of the International Association of Machinists v. King, 335 F.2d 340, 344 (9th Cir. 1964):

"* * * To exclude officer-members from their coverage would deny protection to those best equipped to keep union government vigorously and effectively democratic. We therefore conclude that sections 101(a) (1) and (2) apply to officer-members such as plaintiffs."

Therefore, this court has jurisdiction over the subject matter of this action.

■ While defendant union may discharge appointive officers or employees, it may not do so where such discharge is for exercise of membership-officer or employee-member rights guaranteed by the Act. Grand Lodge of the International Association of Machinists v. King, supra; Salzhandler v. Caputo, 316 F.2d 445 (2d Cir. 1963).

## 4. DOES THE COMPLAINT STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED?

■■ Defendant points out that nowhere in the complaint does plaintiff specifically aver that his services were terminated because of his opposition to the International's administration. Plaintiff alleges that he expressed his views in opposition to the administration and was threatened with discharge if he made such proposals on the convention floor. He alleges further that he was summarily discharged and that such discharge violated Sections 101(a) (1) and 101(a) (2) of the Landrum Griffin Act, but plaintiff does not allege that he was discharged because of the exercise of a right guaranteed by Sections 101(a) (1) and/or 101(a) (2). Defendant, therefore, contends that he fails to state a claim upon which relief can be granted.

Defendant's contention is without merit. When considering a motion to dismiss for failure to state a claim upon which relief can be granted, the Court will take as admitted all well pleaded material allegations of the complaint as well as all reasonable inferences therefrom. The Court's duty is to consider whether, in the light most favorable to the plaintiff with every intendment regarded in his favor, the complaint is sufficient to constitute a valid claim. Tahir Erk v. Glenn L. Martin Co., 116 F.2d 865 (4th Cir. 1941); Cohen v. United States, 129 F.2d 733 (8th Cir. 1942). It is certainly a reasonable inference arising from material allegations of the complaint that plaintiff was discharged because of the exercise of a right guaranteed by Sections 101(a) (1) and/or 101(a) (2).

For the foregoing reasons,

It Is Ordered that the motion to dismiss of defendant, Bricklayers, Masons and Plasterers International Union of America, be and the same is hereby denied.