**Raymond NAVARRO et al., Plaintiffs,**

v.

**Harold LEU et al., Defendants.**

**Civ. No. C78–8.**

United States District Court,
N. D. Ohio W. D.

March 30, 1979.

Gerald B. Lackey of Green, Lackey, Newcomer & Harris, and Samuel G. Bolotin, Toledo, Ohio, for plaintiffs.

Richard C. Hasbrook, and Joseph J. Allotta of Gallon, Kalniz & Iorio, Toledo, Ohio, for defendants.

## OPINION AND ORDER

DON J. YOUNG, District Judge:

This cause came to be heard upon motions of the defendants for summary judgment. Fed.R.Civ.P. 56. Plaintiffs have opposed the motion.

The action was commenced on January 6, 1978, by fifteen individuals who are members of Local 20 of the Teamsters Union. Jurisdiction is based on the Labor-Management Reporting and Disclosure Act, 29 U.S.C. §§ 401, et seq. Each plaintiff, it is alleged, was serving as an appointed business agent for Local 20. During the union presidency campaign in November of 1977, plaintiffs campaigned for the slate headed by Mr. Omar Brown. However, the defendant Harold Leu was declared the winner in that election.[1]

---

1. The election itself is contested in a separate action. *Marshall, Secretary v. Local 20, etc.,* C 78 407, N.D. Ohio, W. Division.

Rule 56(c), Fed.R.Civ.P. provides for the entry of summary judgment if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact. Here, the record before the Court is extensive. On January 17, 1978, a hearing was held on a motion for preliminary injunction where evidence was taken and the arguments of counsel were heard. Several depositions and affidavits are on file as well as the detailed briefs of counsel. On the basis of this record, the Court can determine that there is no genuine issue of material fact and that summary judgment may be entered.

Title 1 of the LMRDA, 29 U.S.C. §§ 401, *et seq.,* establishes a bill of rights for union members. Title 29 U.S.C. §§ 411(a)(1) and (2) provide:

(1) Every member of a labor organization shall have equal rights and privileges within such organization to nominate candidates, to vote in elections or referendums of the labor organization, to attend membership meetings, and to participate in the deliberations and voting upon the business of such meetings, subject to reasonable rules and regulations in such organization's constitution and bylaws.

(2) Every member of any labor organization shall have the right to meet and assemble freely with other members; and to express any views, arguments, or opinions; and to express at meetings of the labor organization his views, upon candidates in an election of the labor organization or upon any business properly before the meeting, subject to the organization's established and reasonable rules pertaining to the conduct of meetings: *provided,* That nothing herein shall be construed to impair the right of a labor organization to adopt and enforce reasonable rules as to the responsibility of every member toward the organization as an institution and to his refraining from conduct that

would interfere with its performance of its legal or contractual obligations.

Title 29, U.S.C. § 529 provides:

It shall be unlawful for any labor organization, or any officer, agent, shop steward, or other representative of a labor organization, or any employee thereof to fine, suspend, expel, or otherwise discipline any of its members from exercising any right to which he is entitled under the provisions of this chapter. The provisions of section 412 of this title shall be applicable in the enforcement of this section.

Essentially, two lines of authority have developed regarding the employment termination of union employees for political activity. One line of authority would hold the discharge unlawful. *Grand Lodge v. King,* 335 F.2d 340 (9th Cir. 1959), *cert. denied* 379 U.S. 920, 85 S.Ct. 274, 13 L.Ed.2d 334 (1964); *George v. Bricklayers Union,* 255 F.Supp. 239 (E.D.Wisc.1966); *Price v. United Mine Workers,* 376 F.Supp. 1015 (D.D.C. 1974); *aff'd without opinion,* 169 U.S.App. D.C. 301, 515 F.2d 1018 (1975). A more modern line of authority would permit the discharge. *Newman v. Local 1101, Communication Workers of America,* 570 F.2d 439 (2d Cir. 1978); *Wambles v. International Brotherhood of Teamsters, etc.,* 488 F.2d 888 (5th Cir. 1974). *Martire v. Laborers' Local Union 1058,* 410 F.2d (3d Cir.), *cert. denied* 396 U.S. 903, 90 S.Ct. 216, 24 L.Ed.2d 179 (1969).

The basis principles of the statutory provisions are rather straightforward. The statutes were designed to protect the rights of *union members. Wambles v. International Brotherhood of Teamsters, supra ; Newman v. Local 1101, supra.* Plaintiffs, while acknowledging a distinction between union membership and employment in the union, claim that the distinction should not apply because of the "unique nature" of this local's organization.

Local 20 apparently is a fairly large local with some 14,000 members. The bylaws of the union provide for a legislative assembly known as the Stewards' Council. This institution is designed to govern the affairs of

the union and is made up of officers, shop stewards and full time business agents or representatives of the union. As appointed business agents, the plaintiffs sat on the Stewards' Council and participated in the formation of union policy. After each plaintiff was terminated as a business agent by the defendants, it was necessary for him to attempt to return to employment within the industry. Termination as a business agent did not mean that the plaintiffs were otherwise ineligible to continue union membership.

As a member of a union, a union official or employee enjoys the rights guaranteed by the LMRDA. Suspension or removal for the exercise of protected rights would violate the Act. *Newman v. Local 1101, supra,* and cases cited therein. On the other hand, a union official or employee has certain duties to the organization he represents as well as to its leadership. Once in a position of authority within the union, the leadership can legitimately expect a member to engage in conduct consistent with the leadership's established policies. Unless the leadership can command a certain degree of loyalty from the union's agents, it can not function effectively.

In this case, plaintiffs were wearing two hats. They were union members and union officials. Clearly there has been a tension between these two roles. The Court believes that the better authority is that which would permit the termination of union employees. The firings here were only from appointed membership on the Stewards' Council. The union leadership can discipline a union steward or agent by removing him from his appointed position, where, as here, the members' rights of free speech as *union members* has not been affected. By terminating the plaintiffs here, they have not lost any of their rights as union members. They remain free to work in the industry and to seek union office.

Plaintiffs contend that the actions of the defendant Harold Leu were taken in bad faith and in retaliation for union campaign activity. The record is clear in this case that the union presidency election which gave rise to the present situation was contested hotly. Plaintiffs here campaigned openly for the candidate who was declared the loser. For the reasons set forth herein, this Court finds that plaintiffs were subject to termination from their appointed positions without the necessity of a determination by the newly elected leadership that they could not support the new policies. The evidence does not indicate that the firings were an attempt to stifle dissent in the union.

Finally, plaintiffs contend in their response to defendants' motion for summary judgment that they have been barred from future employment in the industry by the defendants. The action here, however, was not directed at whether the defendants, in concert with employers, schemed to deprive plaintiffs of employment in the industry. The complaint questioned only whether the terminations from union office violated the Act. Further, plaintiffs have not sought leave to amend, and at this late date, such an amendment would be untimely. In any event, this Court does not have a basis to expand the focus of this litigation to the question of whether the union membership rights of the plaintiffs have been violated. If these serious allegations can be established, they must be the substance of a separate action.

*THEREFORE, for the reasons stated, good cause appearing, it is*

*ORDERED that the motion of the defendant union for leave to file a reply brief be, and it hereby is, sustained, and the clerk shall file the previously lodged reply brief; and it is*

*FURTHER ORDERED that the motions of the defendants for summary judgment be, and they hereby are, sustained, and the clerk shall enter judgment in accordance herewith.*

IT IS SO ORDERED.