Keith R. RUNYAN, Plaintiff,

v.

**UNITED BROTHERHOOD OF CARPEN-
TERS, etc., et al., Defendants.**

Civ. A. No. 82–K–503.

United States District Court,
D. Colorado.

June 15, 1983.

Bruce Anderson, Nelson & Harding, Denver, Colo., for plaintiff.

Clay R. Smith, McKendree & Lubin, Denver, Colo., for the Brotherhood.

Walter C. Brauer, III, Brauer, Simons & Buescher, Denver, Colo., for Local 1391.

Gerald C. Boyle, Englewood, Colo., for Martinez and Schultehenrich.

## MEMORANDUM OPINION AND ORDER

KANE, District Judge.

After plaintiff was suspended from his appointed position with Local 1391, this action was instituted. In a Memorandum Opinion and Order of December 30, 1982, 554 F.Supp. 859, all claims of the complaint and the amended complaint were dismissed. Plaintiff was granted

> 15 days within which to file a second amended complaint alleging with specificity any claims he may have regarding a violation of his Title I rights as a member (not an official or employee) of the union and any claims going toward his charge that he has been barred from all union activities.

A second amended complaint, filed January 20, 1983, alleges claims based on the Labor Management Reporting and Disclosure Act, §§ 101(a)(1), (2), (5), 102 and 609, 29 U.S.C. §§ 411(a)(1), (2), (5), 412 and 529 and pendent claims for defamation, tortious interference with contract, breach of employment contract, breach of union contract and civil conspiracy. Local 1391 has filed an answer and cross-claim, a motion to dismiss and a motion for summary judgment. Defendants Martinez and Schultehenrich filed a motion to dismiss which was converted to a motion for summary judgment by order of February 2, 1983. Defendants United Brotherhood and the District Council have filed motions for summary judgment directed to the second amended complaint and the cross-claim. All motions are ripe for determination.

### DEFENDANT LOCAL 1391'S MOTION TO DISMISS

Local 1391 moves to dismiss the second amended complaint because it was untimely filed. It also moves for dismissal of the third claim because all elements of the tort of interference with contract are not present. Both motions are denied.

My Memorandum Opinion and Order of December 30, 1982 directed that

> plaintiff shall have 15 days from the date of this order within which to file a second amended complaint . . .

An order of January 5, 1983 issued pursuant to the Memorandum Opinion and Order also stated

> that plaintiff has 15 days to amend as ordered or the civil action will be dismissed without further hearing or order.

Plaintiff's second amended complaint was filed on January 20, 1983—within 15 days after the January 5th order. Plaintiff's possible confusion about the date from which to calculate the running of his 15 days is understandable. Local 1391 is not prejudiced, beyond the filing of the complaint itself, by the plaintiff's use of the January 5th date rather than the December 30th date. The motion to dismiss on this ground is denied.

The third claim in the second amended complaint says in part:

34. Defendants International, District Council Bernard S. Martinez and August Schultehenrich, with full knowledge of this [April, 1977] Employment Agreement, or with knowledge of facts which should have lead them to inquire as to the existence of this Employment Agreement, intentionally and maliciously interfered with, and prevented the continued performance by Plaintiff of, the Employment Agreement, by wrongfully procuring the suspension of Plaintiff from his position as Financial Secretary and Business Representative.

The wording shows that it is not directed to defendant Local 1391. Local 1391's motion to dismiss this claim is denied. Plaintiff's request for attorneys fees and costs for preparation of its response necessitated by the filing of this motion is denied. Such matters may be considered post-trial if appropriate.

### THE MOTIONS FOR SUMMARY JUDGMENT

Defendants Martinez and Schultehenrich moved to dismiss under Rule 12(b)(6), F.R. Civ.P. Because this motion relied on matters outside of the pleadings, it was converted to a motion for summary judgment under F.R.Civ.P. 56. *Donovan v. Gingerbread House,* 536 F.Supp. 627 (D.Colo.1982) (Kane, J.) Defendants United Brotherhood, District Council and defendants Martinez and Schultehenrich seek dismissal of plaintiff's first claim for relief based on their lack of knowledge that any action would be taken against plaintiff prior to the April 13, 1981 meeting when he was suspended; that

plaintiff has failed to allege that Martinez and Schultehenrich took any action against plaintiff purporting to abridge his membership rights; and the plaintiff has failed to exhaust his internal union remedies before filing this action. All defendants assert that the second through sixth claims for relief must be dismissed because there is no separate and independent jurisdiction to sustain them and pendent jurisdiction should not be extended to these claims because they do not arise from a common nucleus of operative facts with the first claim. Defendants maintain that the factual bases of the state claims are irrelevant to the federal claim and will only serve to complicate the trial and confuse the jury if permitted to remain in this case. If the motions directed to these pendent claims are denied, defendants United Brotherhood and District Council request a more definite statement concerning plaintiff's defamation claim.

### THE MEMBERSHIP RIGHTS ISSUE

My Memorandum Opinion and Order of December 30 made it clear that, based on *Finnegan v. Leu,* 456 U.S. 431, 102 S.Ct. 1867, 72 L.Ed.2d 239 (1982), Title I of the Landrum-Griffin Act, Sections 101(a) and 102, 29 U.S.C. §§ 401 *et seq.* protects plaintiff from any infringement of his rights as a member of the union, but will not protect infringement of any rights arising from his position as Financial Secretary and Business Representative for the union. My order limited plaintiff in the filing of his second amended complaint "to any direct impingement of his rights as a member *qua* member." In his second amended complaint, plaintiff has alleged that because of his vocal disagreements with defendants on various policies associated with the union, he was suspended from his position with the union and prohibited from discussing actions taken against him with other union members. Plaintiff alleges further that he was excluded from participating in all union affairs, including the right to attend membership meetings. (See affidavit of plaintiff of November 19, 1982).

■ A motion for summary judgment under Rule 56, F.R.Civ.P. may be granted only when there is no dispute as to any genuine issue of material fact. It is not a substitute trial. *Commercial Iron and Metal Co. v. Bache & Co.,* 478 F.2d 39, 41 (10th Cir.1973). All defendants dispute plaintiff's contentions that he was excluded from exercising his membership rights in the union. These disputations give rise to a genuine issue of material fact that precludes the entry of summary judgment. These issues must await consideration by the trier of fact. The converted motion for summary judgment on this ground is denied.

## THE PENDENT JURISDICTION QUESTION

Plaintiff's second through sixth claims for relief in the second amended complaint seek recovery on state law claims under exercise of this court's pendent jurisdiction. All defendants seek summary judgment on these pendent claims.

■ The doctrine of pendent jurisdiction was first announced by Chief Justice Marshall in *Osborn v. Bank of the United States,* 9 Wheat. (22 U.S.) 738, 6 L.Ed. 204 (1824). The rule as established is

> when a question to which the judicial power of the Union is extended by the constitution, forms an ingredient of the original cause, it is in the power of congress to give the circuit courts jurisdiction of that cause, although other questions of fact or of law may be involved.

The doctrine permits the district court to decide all questions that the case presents. In the landmark case of *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966), the Supreme Court ruled that the power to entertain pendent claims exists when the state and federal claims "derive from a common nucleus of operative fact." The doctrine is implemented in the interest of judicial economy and permits consideration of all claims that would be expected to be tried in a single proceeding. The doctrine is one of discretion and not of right. 383 U.S. at 726, 86 S.Ct. at 1139. Needless decisions of state law should be avoided. In addition to the consideration of judicial economy, a court in determining whether pendent jurisdiction should be exercised, should also consider convenience and fairness to the litigants. A court should refuse to extend its jurisdiction if difficult questions of state law would be involved or if the exercise would complicate the trial to a jury. *Id.*

Defendants contend that they would be prejudiced if these pendent claims are permitted to remain a part of this action and assert that exercise of pendent jurisdiction over these claims would be improper. Plaintiff counters that his second through sixth claims arise out of the "common nucleus of operative facts," will not complicate a trial of this case and this court's exercise of pendent jurisdiction over these claims is appropriate.

As outlined earlier, plaintiff's federal claim for relief, his first claim, alleges a violation of his Title I rights and charges that defendants, by their actions of April 13, 1981, suspended plaintiff from his office with the union, denied him all participation in union activities, and barred him from discussing his situation with other union members. The second claim for relief alleges that at meetings subsequent to plaintiff's suspension, defendants referred to plaintiff as a "thief" and "crook" and alleged that he mishandled union funds. All statements made in this context are, plaintiff contends, false and were made with reckless disregard for their truth or falsity. The third claim for relief charges that defendants, except Local 1391, interferred with and prevented the continued performance of the employment agreement with Local 1391. This claim avers that these defendants induced breach of the agreement by Local 1391. The fourth claim is for breach of the employment contract between plaintiff and Local 1391; the fifth claim alleges violations of the union constitution, Sections 32(c), 55 and 56, based on defendants' failure or refusal to inform plaintiff of the results of any investigation undertaken concerning the charges made against plaintiff

and used as the basis for his suspension. Plaintiff's sixth claim for relief avers that defendants and others unnamed conspired to remove plaintiff from his elected office and deprive him of his individual union rights. This last claim also charges that defendants conspired together to commit the acts alleged in claims two through five.

Plaintiff maintains that this action is one to redress violations under the Labor Management Reporting and Disclosure Act which affected plaintiff's equal rights, his right to freedom of speech and assembly and his safeguards against improper disciplinary action. Plaintiff contends that because he has never been informed of any investigations that were conducted and because no charges have ever been brought against him, defendants' allegations that plaintiff has mismanaged union funds were unfounded, unsubstantiated and willfully and maliciously instituted by defendants and were intended as retaliation for statements made and positions taken that were adverse to defendants.

 Counsel for both sides have cited precedent urging me to extend or decline pendent jurisdiction.[1] I disagree with defendants that these claims do not arise from a "common nucleus of operative facts." The factual basis or connection between the claims does not need to be identical, however, the claims need to be such that a plaintiff ordinarily would be expected to try them all in one judicial proceeding. *Vanderboom v. Sexton,* 422 F.2d 1233 (9th Cir. 1980); *Rosario v. Amal. Ladies Garment Cutters' Union, Local 10,* 605 F.2d 1228, 1247 (2nd Cir.1979), *cert. denied,* 446 U.S. 919, 100 S.Ct. 1853, 64 L.Ed.2d 273 (1980). If two claims are found to be totally independent, there is no power to hear the claim that does not have a jurisdictional basis of its own. *Umdenstock v. American Mortgage & Investment Co. of Oklahoma City,* 495 F.2d 589 (10th Cir.1974). I find that the state claims arise from the same factual basis as plaintiff's federal claim and that the interests of judicial economy weigh in favor of trying them together. *See, Hackbart v. Cincinnati Bengals,* 601 F.2d 516 (10th Cir.1979), *cert. denied,* 444 U.S. 931, 100 S.Ct. 275, 62 L.Ed.2d 188 (1979).

The Supreme Court in *Owen Equipment & Erection Co. v. Kroger,* 437 U.S. 365, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978) analyzed *Gibbs, supra, Aldinger v. Howard,* 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976) and *Zahn v. International Paper Co.,* 414 U.S. 291, 94 S.Ct. 505, 38 L.Ed.2d 511 (1973) and concluded that

> a finding that federal and nonfederal claims arise from a 'common nucleus of operative fact,' the test of Gibbs, does not end the inquiry into whether a federal court has power to hear the nonfederal claims along with the federal ones. Beyond this constitutional minimum there must be an examination of the posture in which the nonfederal claim is asserted and of the specific statute that confers jurisdiction over the federal claim, in order to determine whether 'Congress in [that statute] has ... expressly or by implication negated' the exercise of jurisdiction over the particular nonfederal claim. *Aldinger v. Howard, supra* [427 U.S.] at 18, 49 L.Ed.2d 276, 96 S.Ct. 2413 [at 2422].

437 U.S. at 373, 98 S.Ct. at 2402. The relevant statute in this action is the Labor Management Reporting and Disclosure Act, 29 U.S.C. §§ 401, *et seq.* Section 401(a), entitled "Congressional declaration of findings, purposes and policy," states that the

1. Cited by plaintiff: *Rosario v. Amalgamated Ladies Garment Cutters' Union Local 10,* 605 F.2d 1228 (2nd Cir.1979), *cert. denied,* 446 U.S. 919, 100 S.Ct. 1853, 64 L.Ed.2d 273 (1980); *Trail v. International Br. of Teamsters,* 542 F.2d 961 (6th Cir.1976); *Rota v. Br. of Railway Airline and Steamship Clerks,* 64 F.R.D. 699 (N.D. Ill.1974); *Sands v. Abelli,* 290 F.Supp. 677 (S.D. N.Y.1968); *Cole v. Hall,* 35 F.R.D. 4 (E.D.N.Y. 1964). Cited by defendants: *Teamsters Local 1 v. Teamsters Union,* 614 F.2d 846 (3rd Cir. 1980); *Beach v. K.D.I. Corp.,* 490 F.2d 1312 (3rd Cir.1974); *Management Investors v. United Mine Workers,* 459 F.Supp. 90 (E.D.Va. 1978); *Kerby v. Commodities Resources, Inc.,* 395 F.Supp. 786 (D.Colo.1975); *Holmes v. Elks Club, Inc.,* 389 F.Supp. 854 (M.D.Fla.1975); *Dutton v. City of Crest Hill,* 547 F.Supp. 38 (N.D.Ill.1982).

purposes behind the Act are to protect individual union members, to promote high ethical conduct, to eliminate improper practices and promote the flow of commerce. Under the *Owen Equipment* mandate, I hold that congress intended to promote the exercise of jurisdiction over the types of nonfederal claims asserted by plaintiff in this action. The Tenth Circuit in *United Brotherhood of Carpenters and Joiners of America v. Brown*, 343 F.2d 872 (10th Cir.1965) spoke of protecting the "democratic processes within union organizations." 343 F.2d at 882–83. Arbitrary removal of elected union officials does not protect democratic processes. Conspiracies between certain union officials to quiet those who oppose them or actions taken in violation of union constitutions and rules do not promote these democratic processes. Pendent jurisdiction over the plaintiff's state law claims will be exercised. Defendants' arguments that such exercise is inappropriate are rejected.

### EXHAUSTION OF REMEDIES QUESTION

 Just as it is settled that the individual must exhaust his internal union remedies before turning to the courts for relief, see § 101(a)(4), L.M.R.D.A., 29 U.S.C. § 411(a)(4), it is established that the exhaustion requirement is excused in certain instances. *Varra v. Dillon Companies, Inc.*, 615 F.2d 1315 (10th Cir.1980); *Imel v. Zohn Mfg. Co.*, 481 F.2d 181 (10th Cir.1973), *cert. denied*, 415 U.S. 915, 94 S.Ct. 1411, 39 L.Ed.2d 469 (1974). This is one point on which both sides in this dispute agree. *Vaca v. Sipes*, 396 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967) delineated situations in which exceptions to the exhaustion of remedies doctrine were required. Defendants International Brotherhood and Council cite *Amalgamated Clothing Workers of America Rank and File Committee v. Amalgamated Clothing Workers of America, Philadelphia, Joint Board*, 473 F.2d 1303 (3rd Cir.1973) which states that the requirement of exhaustion of internal union remedies is discretionary and that same will be excused when plaintiffs will suffer irreparable harm in the exercise of their LMRDA rights, when resort to the internal structure would be futile or when the union has consistently taken a position opposed to plaintiff and shown no inclination to change its views. 473 F.2d at 1308. A union member is not required to exhaust his internal remedies if the action of the union was void and outside its powers as delineated in its constitution and by-laws. *Simmons v. Avisco, Local 713, Textile Workers Union of America*, 350 F.2d 1012, 1017 (4th Cir.1965). Defendant asserts that plaintiff has not alleged futility, has asserted no bona fide claim of irreparable harm nor claimed that the union officers have been unresponsive to his appeal. While plaintiff's second amended complaint generally alleges that the plaintiff has exhausted his administrative remedies or is exempt from so doing, it is clear that in the hierarchy of the union structure, plaintiff's appeal of his treatment, his suspension from union office and related activities would have been made to those organizations that had demanded and implemented that suspension.

Title 29 U.S.C. § 411(a)(4) addresses protection of a union member's right to sue and states, regarding exhaustion of remedies,

> That any such member may be required to exhaust reasonable hearing procedures (but not to exceed a four-month lapse of time) within such organization, before instituting legal or administrative proceedings against such organizations or any officer thereof . . .

The exhaustion remedy requirement is premised on the purpose of giving the labor organization first opportunity to correct abuses and resolve disputes before resort to outside remedies. *NLRB v. Industrial Union of Marine & Shipbuilding Workers of America, AFL–CIO, Local 22,* 391 U.S. 418, 88 S.Ct. 1717, 20 L.Ed.2d 706 (1968); *Buzzard v. Local Lodge 1040 International Ass'n of Machinists & Aerospace Workers Union of America,* 480 F.2d 35 (9th Cir. 1973). In this action, plaintiff was suspended in April of 1981. This suit was instigated in March of 1982. The union was ac-

corded time greatly in excess of the four-month statutory outline within which to bring specific charges against plaintiff, to conduct at least an initial investigation into the charges made against him and to resolve the dispute within its internal structure. Although plaintiff was reinstated to his position June 17, 1982, no action was taken by the union before the institution of this action. It was not unreasonable for plaintiff to assume that the union would not be taking internal action to remedy his grievance. Defendants' arguments that any harm that may have been caused plaintiff was due to plaintiff's lack of action on his grievance are rejected.

## THE EMPLOYMENT CONTRACT ISSUE

Plaintiff has maintained that he entered into a written employment contract with Local 1391 in April of 1977. All defendants disputed that this was a valid agreement, but if it was, claim that none of them were aware or should have been aware of its existence so summary judgment should be granted on any claim based on this alleged contract.

There are five elements to the tort of intentional interference with performance of a contract by a third person:

(1) existence of a valid contract between the plaintiff and a third party;

(2) knowledge by the defendant of the contract or knowledge of facts which should lead him to inquire as to the existence of the contract;

(3) intent by the defendant to induce or cause the third party not to perform;

(4) action by the defendant which induces or causes nonperformance of the contract; and

(5) resulting damage to the plaintiff. *Rodriquez v. Bar-S Food Co.,* 539 F.Supp. 710 (D.Colo.1982) (Kane, J.); *Williams v. Burns,* 540 F.Supp. 1243 (D.Colo.1982) (Kane, J.); Restatement Second (Torts), section 766.

Although defendants dispute the existence of a valid employment contract, plaintiff has provided a copy of an agreement of April, 1977 between Keith R. Runyan and Local Union 1391 in which wages and compensation are recited. According to plaintiff's affidavit, this agreement was approved by the union's membership and placed in its files. Defendants contend that because they had no knowledge of the existence of the contract they cannot be charged with tortious interference with the contract and summary judgment should be granted in their favor on this claim.

Subjective questions of knowledge, state of mind and intent are not appropriate for summary disposition. See, Wright & Miller, Federal Practice and Procedure: Civil, § 2727. Although defendants aver that they did not have knowledge of the agreement whether they had knowledge of facts which should lead them to inquire as to the existence of the contract cannot be determined as a matter of law and must await consideration by the finder of fact. The motions for summary judgment on plaintiff's third claim for relief are denied.

## CIVIL CONSPIRACY

In *Rodriquez v. Bar-S Food Co.,* 539 F.Supp. at 718–20 I listed the five elements of a claim of civil conspiracy and then stated

While the plaintiffs have alleged sufficient facts to establish four of these elements, they have not alleged that any of the defendants committed any specific unlawful overt act. I conclude, however, that the plaintiffs' complaint contains sufficient allegations to state a conspiracy claim. F.R.Civ.P. 8(a)(2) requires 'a short and plain statement of the claim showing that the pleader is entitled to relief.' By alleging that the defendant conspired to deprive the plaintiffs of their rights, the plaintiffs have impliedly alleged that the defendants committed at least one unlawful overt act. What this specific act is can be developed during discovery and presented in the pre-trial order.

The circumstances of the instant action are analogous. The motion for summary judgment as to plaintiff's sixth claim for relief is denied.

## THE MOTION FOR MORE DEFINITE STATEMENT

Defendants International and District Council have moved in the alternative for a more definite statement on plaintiff's defamation claim asking that plaintiff be required to identify (1) the name of the publisher and (2) the approximate date and place of publication. Plaintiff asserts that this requested information is easily obtainable during discovery and that he has met the "fair notice" requirements of the Federal Rules of Civil Procedure.

■■■ Under the federal rules, a claim is not required to state all the elements of a particular cause of action, but plaintiff must at a minimum plead "a short and plain statement of the claim showing that the pleader is entitled to relief ..." Rule 8(a)(2) F.R.Civ.P. By this requirement, defendant is to receive adequate notice of the claim(s) against him sufficient enough to permit him to prepare a defense or response. In view of liberal discovery rules and procedures available to all parties, a motion for more definite statement is generally discouraged unless the pleading is so unintelligible that defendants do not understand the allegation and are unable to respond. Plaintiff has established in his second claim that the allegation is one based in defamation, however, he has failed to plead who is the publisher of the allegedly slanderous statements. The claim is deficient in this respect and plaintiff shall have 20 days from the date of this order within which to file a more definite statement regarding the second claim for relief. *See, Walters v. Linhof,* 559 F.Supp. 1231, 1234 (D.Colo.1983) (Kane, J.).

## PRE–EMPTION BY § 301(b), LMRA

■■ Defendants also move for dismissal of plaintiff's third, fifth and sixth claims arguing that these claims are pre-empted by § 301(b) of the Labor Management Relations Act, 29 U.S.C. § 185(b).

Section 185(b) states:

Any labor organization which represents employees in an industry affecting commerce as defined in this chapter and any employer whose activities affect commerce as defined in this chapter shall be bound by the acts of its agents. Any such labor organization may sue or be sued as an entity and in behalf of the employees whom it represents in the courts of the United States. Any money judgment against a labor organization in a district court of the United States shall be enforceable only against the organization as an entity and against its assets, and shall not be enforceable against any individual member or his assets.

Plaintiff has not asserted a claim under the Labor Management Relations Act and argues, for that reason, that this argument of defendants must be rejected.

In my earlier opinion, I dismissed plaintiff's claim brought under § 185(a) for lack of this court's subject matter jurisdiction because § 301(a) is "limited to suits between an employer and a labor organization or between labor organizations." *Adams v. International Brotherhood of Boilermakers,* 262 F.2d 835 (10th Cir.1975). This case involves a dispute between a labor organization and an individual member and because neither the relief nor the defenses of § 301 of the Labor Management Relations Act are applicable, defendants' motion for summary judgment on plaintiff's third, fifth and sixth claims on this ground is denied.

## THE MOTION FOR SUMMARY JUDGMENT ON THE CROSS CLAIM

Local 1391 has filed a cross claim against defendants United Brotherhood and District Council seeking indemnification "to the full extent of any judgment which plaintiff may obtain against Local 1391." United Brotherhood and District Council move for summary judgment on this cross claim. The argument in support of this motion is one based on an agency relation-

ship or lack thereof. Movants assert that no agency relationship exists between 1391 and District Council and if an agency relationship is assumed to exist between United Brotherhood and 1391, such relationship was limited to implementation of the telegram ordering plaintiff's suspension. Movants contend that if entitled to indemnification at all, 1391 would be limited to damages against it in connection with the fourth claim for relief in the second amended complaint. Plaintiff opposes the granting of this motion asserting that denial of the responsibility for plaintiff's suspension from union office and union affairs creates disputed issues of material fact. Local 1391 also resists the motion alleging the existence of material facts in dispute.

The motion for summary judgment on the cross claim is denied. It is unclear at this time who, if any defendant, is responsible for the acts and effects alleged by plaintiff. Each defendant has attempted to deny liability completely or place the blame on a co-defendant. Defendant 1391 maintains that it is subordinate to both United Brotherhood and District Council and that it was bound to carry out their directives. No cause of action for indemnity accrues until there has been a judgment or a settlement of the claim. Indemnity does not accrue until the indemnitee's liability is fixed, i.e. when he pays the underlying claims or a judgment on it. Until it is established who, if any, of the defendants are liable for plaintiff's suspension and for the alleged denial of individual union membership rights, a motion for summary judgment on the cross claim is premature. I cannot, as a matter of law, enter summary judgment on this issue. The motion is denied without prejudice.

It is, therefore, ORDERED

That defendant Local 1391's motion to dismiss is denied and all motions for summary judgment are denied. It is

FURTHER ORDERED that plaintiff shall have 20 days from the date of this order within which to file a more definite statement as to its second claim for relief based on defamation.