Thomas TEW, as receiver for E.S.M. Group, Inc. and E.S.M. Financial Group, Inc. and as Trustee for the Estate of E.S.M. Government Securities, Inc., Plaintiff,

v.

ARKY, FREED, STEARNS, WATSON, GREER, WEAVER & HARRIS, P.A. and Eugene E. Stearns, Defendants.

No. 85–6898–CIV.

United States District Court,
S.D. Florida.

Feb. 26, 1987.

See also, D.C., 655 F.Supp. 1571.

**1574**

Lawrence Kellogg, Miami, Fla., for trustee.

Rex Conrad, Ft. Lauderdale, Keith Bode, Chicago, Ill., for defendants.

## JUDGMENT ORDER

GONZALEZ, District Judge.

Defendant Arky, Freed, Stearns, Watson, Greer, Weaver & Harris, P.A. ("Arky Freed") has moved pursuant to Fed.R. Civ.P. 56 for partial summary judgment on Counts II and III of the Amended Complaint as to any liability resulting from the events of January 21, 1985, a date upon which plaintiff claims that Stephen Arky, a former member of Arky Freed, learned of the insolvency of ESM *.

The court has considered the briefs, affidavits, deposition testimony, and exhibits submitted by the parties, as well as the arguments of counsel. The court finds that there is no genuine issue of material fact and that Arky Freed's motion for partial summary judgment must be granted as a matter of law.

█ Arky Freed owed no legal duty to disclose to ESM's auditors, Alexander Grant & Co. ("Grant"), Stephen Arky's alleged knowledge of ESM's financial condition purportedly obtained in a meeting attended by Mr. Arky on January 21, 1985, approximately six weeks prior to ESM's collapse.

An attorney's responsibility with respect to responses to auditor's inquiries is governed by the American Bar Association "Statement of Policy Regarding Lawyer's Responses to Auditor's Request For Information" ("ABA Statement"). The preamble of the ABA Statement reads: "The public interest in protecting the confidentiality of lawyer-client communications is fundamental." As concerns this case, "[t]hat is the whole law; the rest is mere commentary." Hillel, *Pirke Avot (Ethics of the Fathers), quoted in* 14 Encyclopedia Americana 197 (1984).

The ABA Statement provides that an attorney is authorized to disclose information to his client's auditors only where the client has both "specifically identified" "in the [audit] inquiry letter or supplement thereto" a particular unasserted claim or assessment, and has "specifically requested" comment by the attorney on that unasserted claim or assessment. ABA Statement, Paragraph 2. The requirement that the client both specifically identify and specifically request comment on the unasserted claim or assessment in the audit inquiry letter is predicated on the ABA Statement's fundamental concern with preserving the confidentiality of attorney-client communications. Under the ABA Statement, an attorney has no duty "to investigate ... legal problems of the client, even when on notice of some facts which might conceivably constitute a legal problem...." nor should he ".... include information concerning the client which the lawyer receives in another role." ABA Statement, Commentary to Paragraph 2.

There is no genuine issue of material fact that ESM ever identified its financial problems in its auditor's inquiry letters to Arky Freed, or requested Arky Freed to comment thereon. In fact, the ABA Statements limitations on an attorney's duties were expressly contained in both ESM's audit inquiry letters to Arky Freed, and Arky Freed's audit responses. Furthermore, Mr. Arky was not consulted or retained by ESM at the January 21, 1985 meeting, but rather was consulted concerning Mr. Ron Ewton's personal affairs. Failure to disclose under these circum-

---

* Unless otherwise indicated herein, the term "ESM" refers to E.S.M. Government Securities, Inc., E.S.M. Group, Inc. and E.S.M. Financial Group, Inc.

stances does not constitute either negligence or breach of contract.

■ The plaintiff also relies upon the Disciplinary Rule 7–102(B) of the Florida Code of Professional Responsibility to support his negligence theory against Arky Freed. As the Florida Supreme Court has plainly stated: "Violation of a [disciplinary] rule should not give rise to a cause of action nor should it create any presumption that a legal duty has been breached.... [The rules] are not designed to be a basis for liability.... Accordingly, nothing in the rules should be deemed to augment any substantive duty of lawyers or the extra-disciplinary consequences or violating such duty."

The plaintiff has failed to cite any case holding that the Disciplinary Rules create a private cause of action, and this Court is aware of none. Numerous cases hold that the Disciplinary Rules do not create a private cause of action. *See, e.g., Bickel v. Mackie,* 447 F.Supp. 1376 (N.D.Ia.1978), *aff'd mem.,* 590 F.2d 341 (8th Cir.1978); *Merritt-Chapman & Scott Corp. v. Elgin Coal, Inc.,* 358 F.Supp. 17, 22 (E.D.Tenn. 1972), *aff'd,* 477 F.2d 598 (6th Cir.1973); *Noble v. Sears, Roebuck & Co.,* 33 Cal. App.3d 654, 109 Cal.Rptr. 269, 271–72 (1973). Thus, DR 7–102(B) imposed no legal duty upon Arky Freed.

Accordingly, the court hereby enters judgment in favor of Arky Freed dismissing with prejudice plaintiff's claims in Counts II and III of the Amended Complaint which arise out of the events of January 21, 1985.