**Ray McBEE, Plaintiff,**

v.

**IHSS, INC., a Nevada corporation, d/b/a J.T.'s General Store, Lance Devereaux, Keith Pierson, Stanley Hartwig and IHSS Acceptance Corporation, Defendants.**

Civ. A. No. 86–K–755.

United States District Court,
D. Colorado.

March 13, 1987.

William E. Kenworthy, Denver, Colo., for plaintiff.

William A. McLain, Denver, Colo., for defendants.

MEMORANDUM OPINION
AND ORDER

KANE, District Judge.

*Introduction*

This is an action for damages under civil RICO. The complaint states two claims for relief: the civil RICO claim, and a state law fraud claim. The complaint fails to allege the basis of jurisdiction over the state law claim. No diversity jurisdiction is pleaded. I find the alleged basis of jurisdiction over the fraud claim is the doctrine of pendent jurisdiction.

According to the allegations of the complaint, which I must construe in plaintiff's favor for the limited purpose of ruling on this motion, *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974), defendants published an advertise-

ment in the *Pueblo Chieftain,* a Pueblo, Colorado newspaper, for a route sales business position. Relying on certain representations made in the advertisement, and also relying on additional representations made by Hartwig, plaintiff purchased a home route sales business for $17,000.00. This money was paid to IHSS.

Upon commencing the route business, plaintiff discovered the business' conditions concerning training, salary, benefits, work time, and other important considerations were not nearly as sanguine as defendants had represented. This suit followed.

Defendants IHSS, IHSS Acceptance, and Hartwig have filed a motion to dismiss under Fed.R.Civ.P. 12(b)(6). Defendants Devereaux and Pierson have joined in this motion. Defendants can prevail on this motion only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–6, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957). Nevertheless, the motion is granted for the reasons explained below.

### Motion to Dismiss

The motion to dismiss contends the RICO claim is fatally deficient because: (1) plaintiff has failed adequately to allege the commission of the underlying predicate acts (2) plaintiff has also failed adequately to allege a pattern of racketeering activity, and (3) plaintiff has failed adequately to allege a RICO enterprise. The motion further contends the pendent fraud claim should be dismissed because there is no independent jurisdiction alleged for that claim and also because plaintiff has inadequately pleaded the fraud. I need not resolve all of these issues because I find no pattern of racketeering exists, or could exist, under the facts pleaded.

I gave exhaustive treatment to RICO's pattern requirement in *Garbade v. Great Mining and Milling Corporation,* 645 F.Supp. 808 (D.Colo.1986). There, I held acts committed in furtherance of only a single fraudulent scheme do not rise to the level of a pattern of racketeering activity. *Id.* at 815. This principle controls disposition of the case at bar. Plaintiff's allegations of defendants' misrepresentations over the conditions of the route sales business constitute a single fraudulent scheme. As such, those allegations cannot satisfy the pattern requirement.

Further support for this conclusion is found in the Tenth Circuit's recent opinion in *Torwest DBC, Inc. v. Dick et al.,* No. 810 F.2d 925 (10th Cir.1987).[1] There, the court held, *inter alia,* that "to establish a RICO pattern, a plaintiff must also demonstrate continuity, that is, 'the threat of continuing activity.'" *Id.* at 928, quoting *Sedima, S.P.R.L. v. Imrex Co.,* 473 U.S. 479, 105 S.Ct. 3275, 3285 n. 14, 87 L.Ed.2d 346 (1985). No threat of continuing activity can exist under the facts pleaded. Again, the pattern requirements have not been met. *Accord, Marks v. Forster,* 811 F.2d 1108, 1112 (7th Cir.1987) (multiple predicate acts occurring within a period of several months and relating to a single scheme to defraud a single victim are not sufficiently continuous to constitute a RICO pattern).

Since the RICO claim must be dismissed, the pendent state law claim must be dismissed as well. *Garbade* at 816.

Accordingly, IT IS ORDERED that defendants' motion to dismiss the complaint is granted. The state law fraud claim is dismissed without prejudice. Each party shall bear his or its own costs. The clerk is directed to enter judgment accordingly.

---

**1.** Although the Tenth Circuit declined to "go beyond" the facts of *Torwest* or to formulate any "bright-line test in the abstract," slip op. at 10, the circuit's *Torwest* opinion is of course instructive for other civil RICO cases filed in this circuit.