**Ronald F. WEISZMANN, Plaintiff,**

v.

**KIRKLAND AND ELLIS, a partnership, et al., Defendants.**

**Civ. A. No. 89–B–534.**

United States District Court, D. Colorado.

March 9, 1990.

Ronald F. Weiszmann, Golden, Colo. and Madeira Beach, Fla., pro se.

Bruce Featherstone, Andrew J. Petrie and Erich Bethke, Kirkland & Ellis, Arthur H. Downey and John R. Sleeman, Jr., Downey & Douglas, P.C., James K. Green and Andrea B. Stutheit, Montgomery, Green, Jarvis, Kolodny & Markusson, and Martin D. Buckley and William D. Burding, Jr., Berenbaum & Weinshienk, P.C., Denver, Colo., for defendants.

## MEMORANDUM OPINION AND ORDER

BABCOCK, *District Judge.*

Plaintiff, Ronald F. Weiszmann (Weiszmann), an attorney licensed in Colorado, filed this action pro se under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961–1968 and 28

U.S.C. §§ 1331, 1332, 1334(b). The matters before me are: 1) defendants Oakbrook Corporation (Oakbrook) and Tom Klein's (collectively the Oakbrook defendants) motion to dismiss plaintiff Ronald F. Weiszmann's (Weiszmann) second, third, and eighth claims for relief and motion for attorneys fees; 2) defendants Kirkland and Ellis, Andrew J. Petrie, and Erich Bethke's (collectively the Kirkland defendants) motion to dismiss Weiszmann's first, second, third, sixth, and seventh claims for relief and motion for more definite statement regarding the eighth claim for relief, or alternatively, motion for more definite statement as to all of Weiszmann's claims for relief; 3) defendants Tesoro Financial Group, Inc. (Tesoro) and Americity Federal Savings Bank's (Americity) motion to dismiss Weiszmann's claims against them. Having reviewed the motions, the briefs filed in support and in opposition to them, the Complaint, and the applicable case law, I determine that oral argument would not assist me in rendering a decision on the pending issues. The motions will be granted in part and denied in part.

### I. Facts.

Weiszmann, as the managing partner of 7 Jackson Building Partnership (7 Jackson), signed a note payable to Tesoro. When Weiszmann defaulted on the note, Kirkland and Ellis, on Tesoro's behalf, filed a suit to foreclose and collect on a guaranty against Weiszmann and 7 Jackson. The action was filed on February 4, 1988 in Jefferson County District Court and was removed to Federal District Court. On April 21, 1988, the Kirkland defendants also filed an involuntary bankruptcy petition against Weiszmann on Tesoro's behalf.

At this time and until June 1988, Weiszmann's wife was an Oakbrook employee. She was "the highest level Colorado representative". Kirkland and Ellis and Andrew J. Petrie represented Oakbrook in "legal matters". In April 1988, these legal matters were "of extremely serious concern" to Weiszmann's wife and "had her fearing for her life."

In January 1988, Weiszmann and his wife separated because of marital difficulties. One month later they attempted a reconciliation and in April 1988 they took a vacation.

In his complaint, Weiszmann asserts eight claims for relief. He alleges that he has suffered severe pain and mental anguish, humiliation, embarrassment, public ridicule, losses of personal and real property, and interference with his personal and professional life. Weiszmann seeks compensatory, special, and punitive damages, and statutory penalties for the RICO claims.

The defendants move to dismiss Weiszmann's claims for failure to state a claim for relief pursuant to Fed.R.Civ.P. 12(b)(6). The purpose of a Rule 12(b)(6) motion is to test the formal sufficiency of the claim for relief. *Wooldridge Homes, Inc. v. Bronze Tree, Inc.*, 558 F.Supp. 1085, 1089 (D.Colo. 1983). In evaluating the sufficiency of the complaint, all well-pleaded facts, as distinguished from conclusory allegations, must be taken as true. *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir.1984). All reasonable inferences must be liberally construed in plaintiff's favor. *Id.* "A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957). So long as the plaintiff may offer evidence to support a legally recognized claim for relief, the motion to dismiss should be denied. *Id.*

### II. First Claim for Relief.

Weiszmann's first claim for relief against the Kirkland defendants is termed "Ethics Violations." Weiszmann alleges that the Kirkland defendants engaged in various unspecified "oppressive and threatening" acts and statements "calculated to coerce [Weiszmann's] payment" of an unidentified debt. These actions and statements allegedly constitute intentional interference with Weiszmann's marital relationship and violated Colorado Disciplinary Rules DR 1–102, DR 4–101(B)(2) and (B)(3), DR 5–105, DR 7–101(A)(3), 7–102(A)(8), and Colo.R.Civ.P. 8.

■ Disciplinary rules state the minimum level of conduct below which no lawyer can fall without being subject to disciplinary action. *See* Code of Professional Responsibility (the Code). Responsibility for enforcing the Code lies with the Colorado Supreme Court. Colo.R.Civ.P. 241.1(b). Disciplinary rules are not designed to be a basis for civil liability and they do not create a private cause of action. *Bickel v. Mackie,* 447 F.Supp. 1376, 1383–84 (N.D. Iowa 1978), *aff'd,* 590 F.2d 341 (8th Cir. 1978); *TEW v. Arky, Freed, Stearns, et al., P.A.,* 655 F.Supp. 1573, 1575 (S.D.Fla. 1987), *aff'd,* 846 F.2d 753 (11th Cir.1988), *cert. denied,* —— U.S. ——, 109 S.Ct. 142, 102 L.Ed.2d 114 (1988). Nor does a violation of the Code constitute negligence per se. *Miami International Realty Co. v. Paynter,* 841 F.2d 348, 352 (10th Cir.1988).

■ Similarly, the Colorado Rules of Civil Procedure govern civil litigation in the Colorado state courts. Hence, the Colorado state courts enforce those rules. Violation of a rule of civil procedure does not create a private cause of action. Accordingly, Weiszmann's first claim for relief for ethics violations based upon the Kirkland defendants' alleged violations of State disciplinary rules and rules of civil procedure must be dismissed for failure to state a claim for relief.

III. Second and Third Claims for Relief.

■ In his second claim for relief, "statutory violations," Weiszmann asserts that the Kirkland and Oakbrook defendants' "oppressive and threatening" efforts to collect their client's debt, violated C.R.S. §§ 14–2–102 and 14–2–113 (the Uniform Marriage Act) and constitute negligent interference with marital relations. The third claim for relief, stated against these same defendants, alleges intentional interference with the Weiszmann's marital contractual relationship. Defendants contend that these claims should be dismissed because there is no private cause of action for violation of the Uniform Marriage Act and the claims are barred by section 13–20–202, C.R.S. (1987 Repl.Vol. 6A) (the heart balm statute). I agree.

Weiszmann relies on the following statutes:

**§ 14–2–102. Purposes—rules of construction.** (1) This part 1 shall be liberally construed and applied to promote its underlying purposes.

(2) Its underlying purposes are:

(a) To strengthen and preserve the integrity of marriage and to safeguard meaningful family relationships;

(b) To provide adequate procedures for the solemnization and registration of marriage.

**§ 14–2–113. Violation—penalty.** Except as provided in § 14–2–109(1), any person who knowingly violates any provision of this part (1) is guilty of a misdemeanor and, upon conviction thereof, shall be punished by a fine of not more than five hundred dollars.

■ These statutes neither expressly nor impliedly create a private cause of action. Furthermore, where, as here, a statute creates rights and duties unknown at common law and provides for a particular means of enforcement, the statutory remedy is exclusive. *See Silverstein v. Sisters of Charity,* 38 Colo.App. 286, 559 P.2d 716, 718 (1976).

■ Any allegation that violation of the Uniform Marriage Act constitutes negligence per se is without merit. Negligence per se serves to establish the existence of the defendants' breach of a legally cognizable duty owed to the plaintiff. *Largo Corp. v. Crespin,* 727 P.2d 1098, 1107 (Colo.1986). To recover under the doctrine of negligence per se, plaintiff must show that defendants violated the statutory standard and that the violation was a proximate cause of sustained injuries. *Id.* Before the statutory standard is used to prove negligence, however, a plaintiff must show that he is a member of the class the statute was intended to protect, and that the injuries he suffered were of the kind the statute was enacted to prevent. *Id.* The type of injury Weiszmann allegedly suffered is not the kind of injury the Uniform Marriage Act was enacted to prevent, and, as a matter of law, Weiszmann's second claim for relief must be dismissed. Weiszmann argues that his second and third claims for relief "emphasize existing rights which were not eliminated by the so called 'Heart-

balm' statutes." That statute provides that: "All civil causes of action for breach of promise to marry, alienation of affections, criminal conversation, and seduction are hereby abolished." Section 13–20–202, C.R.S. (1987 Repl.Vol. 6A). Interpreting this statute, the Colorado Supreme Court recently held that:

> ... [We] should not read the statute so broadly as to preclude any cause of action involving extramarital affairs, regardless of whether a claim for relief which is not included in section 13–20–202 is enumerated. In our view, the heart balm statute only precludes those causes of action specifically listed in the statute. As we held in [*Goldberg v. Musim*, 162 Colo. 461, 427 P.2d 698 (1967)], a plaintiff will not be able to mask one of the abolished actions behind a common law label. However, if the essence of the complaint is directed to a cause of action other than one which has been abolished, that claim is legally cognizable. Accordingly, we must review the legal sufficiency of the claims made by [plaintiff] to determine whether any claim ... states, as a matter of law, a claim upon which relief may be granted.

*Destefano v. Grabrian,* 763 P.2d 275, 281–82 (Colo.1988).

An action for alienation of affections requires the following: (1) the defendant must intend to induce the spouse to separate; (2) the defendant must induce the plaintiff's spouse to leave or to remain separated from the plaintiff; (3) such an action must result in loss of affection and consortium, including loss of society, companionship, and aid. *Destefano v. Grabrian, supra* at 288. Based upon my review of the complaint, I conclude that Weiszmann's second claim for relief, alleging negligent interference with the marital relationship, and Weiszmann's third claim for relief, denominated intentional interference with contractual relations mask a claim for alienation of affections, and must be dismissed.

#### IV. Sixth Claim for Relief.

Weiszmann's sixth claim for relief alleges that the Kirkland defendants and Tesoro committed federal RICO violations. The Kirkland defendants move to dismiss this claim against them because the allegations are against Tesoro exclusively. Alternatively, the Kirkland defendants move for a more definite statement because Weiszmann's sixth claim for relief "fails to differentiate between the defendants allegedly involved, and does not indicate what conduct by the Kirkland Defendants allegedly violated the RICO statute." Tesoro contends that Weiszmann's sixth claim for relief does not meet the pleading requirements of Fed.R.Civ.P. 9(b) and fails to state a claim upon which relief can be granted under RICO. However, Tesoro does not move for a more definite statement.

To state a claim for relief under RICO, the plaintiff must allege "(1) conduct, (2) of an enterprise, (3) through a pattern, (4) of racketeering activity." *Sedima, SPRL v. Imrex, Co., Inc.,* 473 U.S. 479, 496, 105 S.Ct. 3275, 3285, 87 L.Ed.2d 346 (1985); 18 U.S.C. § 1962. The District of Colorado and the Tenth Circuit have consistently held that, in order to prove the "pattern" required by § 1962, a plaintiff must show multiple schemes pursued through racketeering activity, not just multiple criminal acts. A single scheme aimed at a single victim has not been sufficient to constitute the requisite pattern of racketeering activity even if carried out through multiple acts. *See Torwest DBC, Inc. v. Dick,* 628 F.Supp. 163, 166 (D.Colo.1986), *aff'd,* 810 F.2d 925 (10th Cir.1987). However, the United States Supreme Court recently readdressed the issue and held that multiple schemes are not required to prove the "pattern" required by § 1962. *H.J. Inc. v. Northwestern Bell,* —— U.S. ——, ——, 109 S.Ct. 2893, 2900–2902, 106 L.Ed.2d 195, 208–209 (1989). Rather, "to prove a pattern of racketeering activity a plaintiff or prosecutor must show that the racketeering predicates are related, and that they amount to or pose a threat of continued criminal activity." *Id.; Imonti v. Cherokee Data Systems, et al.,* No. 89–Z–1886, 1990 WL 43977 (D.Colo. February 15, 1990).

■ Under the Federal Rules of Civil Procedure, a claim is not required to state all the elements of a particular cause of action. Fed.R.Civ.P. 8. Plaintiff must,

however, at a minimum, plead "a short and plain statement of the claim showing that the pleader is entitled to relief...." Fed. R.Civ.P. 8(a)(2). By this requirement, a defendant must receive adequate notice of a plaintiff's claims sufficient to allow a response or defense. *Runyan v. United Brotherhood of Carpenters,* 566 F.Supp. 600, 608 (D.Colo.1983). In contrast to these liberal pleading requirements, Rule 9(b), Fed.R.Civ.P., requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."

Here, Weiszmann alleges "seven predicate acts which constitute [the] pattern of racketeering activity." The alleged predicate acts involve the "defendants" fraudulent making and collecting of loans, including the numerous and periodic delivery and receipt of fraudulent interest rate changes, statements, and payments through the mails, the filing of an involuntary bankruptcy petition and lawsuits against Weiszmann, and fraudulently obtaining a receiver. Furthermore, Weiszmann claims that these racketeering predicates occurred within ten years of one another. Accepting Weiszmann's allegations as true and viewing all reasonable inferences in his favor, I conclude that Weiszmann might be able to prove that defendants' actions satisfy the requirements of relatedness and continuity and that they thus constitute "a pattern of racketeering activity." *See H.J., Inc. v. Northwestern Bell, supra; Imonti v. Cherokee Data Systems, et al., supra.*

However, in a complaint alleging a civil RICO violation, the plaintiff must identify specifically each person who is alleged to be liable under RICO. Merely collectivizing defendants in an alleged pattern of racketeering activity will not suffice. *Wichita Federal Savings & Loan Ass'n v. Landmark Group, Inc.,* 657 F.Supp. 1182 (D.Kan.1987). Here, the allegations in the claim refer to either Tesoro specifically or to "defendants" generally. Although the claim is asserted against both Tesoro and the Kirkland defendants, there is no specific reference to the Kirkland defendants. Accordingly, I grant the Kirkland defendants' motion for more definite statement regarding Weiszmann's sixth claim for relief.

Similarly, I agree with Tesoro that Weiszmann fails to plead his claim for RICO violations with particularity as required under Fed.R.Civ.P. 9(b). Although conspiracy to violate RICO is not an averment enumerated under the particularity requirement of Fed.R.Civ.P. 9(b), a plaintiff must nevertheless provide some factual basis for a claim that a defendant conspired with another. *Andreo v. Friedlander, Gaines, Cohen, Rosenthal & Rosenberg,* 660 F.Supp. 1362, 1372 (D.Conn.1987). Conclusory allegations of a conspiracy are insufficient. *Celpaco, Inc. v. MD Papierfabriken,* 686 F.Supp. 983, 990 (D.Conn. 1988). Moreover, to satisfy the particularity requirements of Rule 9(b), where, as here, mail and wire fraud are alleged as predicate acts of a RICO claim, the plaintiff must specify the time, place, and content of the alleged false representation, and describe with particularity any allegedly fraudulent transaction, and how the particular mailing or transaction furthered the fraudulent scheme. *Zerman v. Ball,* 735 F.2d 15, 22 (2d Cir.1984); *Celpaco, Inc. v. MD Papierfabriken, supra* at 989; *Banco de Desarrollo Agropecuario, S.A. v. Gibbs,* 640 F.Supp. 1168, 1175 (S.D.Fla. 1986).

The sixth claim for relief clearly does not meet this standard. The allegations do not specify the dates or contents of alleged mail and wire transmissions, the nature of the misrepresentations made, or to whom they were sent. Nor does the complaint show otherwise how interest rates and amounts due under the note are fraudulent. Moreover, Weiszmann's conclusory allegations are not adequate to show defendants' attempt to collect an unlawful debt in violation of RICO. *See Blount Financial Services, Inc. v. Walter E. Heller & Co.,* 632 F.Supp. 240 (E.D.Tenn.1986) *aff'd,* 819 F.2d 151 (6th Cir.1987). Accordingly, because Weiszmann's sixth claim may state a claim for relief, but fails to allege the circumstances of fraud with sufficient particularity, and although Tesoro did not move for a more definite statement, seek-

ing instead to dismiss completely Weiszmann's RICO claim, I will allow Weiszmann twenty (20) days from the date of this Order to amend his sixth claim for relief.

### V. Seventh Claim for Relief.

Weiszmann's seventh claim for relief, against Tesoro and the Kirkland defendants, alleges that defendants committed a prima facie tort when they intentionally filed a "lawful" involuntary bankruptcy petition against him. The Kirkland defendants construe Weiszmann's seventh claim for relief as a claim for abuse of process and move to dismiss it for failure to state a claim for relief. Tesoro moves to dismiss Weiszmann's seventh claim for relief pursuant to Fed.R.Civ.P. 12(b)(1), for lack of subject matter jurisdiction.

### A. *The Kirkland Defendants.*

In his response to the Kirkland defendants' motion, Weiszmann concedes that his claim is one for malicious prosecution and alleges that defendants' abuse of process is evidenced by the June 12, 1989 dismissal of his bankruptcy and "the extraordinary attorneys fees charged Tesoro by [the Kirkland defendants] in this matter."

In a malicious prosecution action, the burden is on plaintiff to prove that: (1) defendants were parties to or assisted in a prior action against plaintiff; (2) the prior action ended in plaintiff's favor; (3) there was no probable cause for the prior action; (4) defendants' participation in the prior action was motivated by malice; and (5) as a result of the prior action, plaintiff incurred damages. *Montgomery Ward & Co. v. Pherson*, 129 Colo. 502, 272 P.2d 643 (1954); *Colo. J.I.* 17:1 (2d Ed.1980).

Liberally construing the complaint in the light most favorable to Weiszmann, I conclude that Weiszmann has failed to state a claim for relief. Within the seventh claim, Weiszmann concedes that the Kirkland defendants' filing of the involuntary bankruptcy petition against him was "lawful". Moreover, although the bankruptcy petition may have been dismissed, there is no allegation that the Kirkland defendants did not have probable cause to file the petition or that the action was resolved in Weiszmann's favor. Accordingly, Weiszmann's seventh claim for relief for malicious prosecution against the Kirkland defendants must be dismissed for failure to state a claim for relief.

### B. *Tesoro.*

Tesoro moves to dismiss Weiszmann's seventh claim for relief for lack of jurisdiction. Tesoro contends that because Weiszmann's RICO claim fails to state a claim for relief, all pendant claims, including the seventh claim for relief, must fall for lack of jurisdiction. Tesoro argues that although Weiszmann alleges he is a resident of the State of Florida, he provides both Colorado and Florida addresses in the Jury Demand Section of the complaint, and because the Kirkland defendants are Colorado residents, he has failed to set forth sufficiently the basis for diversity jurisdiction.

I agree that where a RICO claim is the only federal claim and there is no other basis for jurisdiction, all pendant claims should be dismissed. *McBee v. IHSS, Inc.*, 655 F.Supp. 448 (D.Colo.1987). Because Weiszmann may yet plead a proper RICO claim, the question remains whether diversity jurisdiction exists.

For diversity jurisdiction to exist, there must be complete diversity between all plaintiffs and all defendants. *Smith v. Sperling*, 354 U.S. 91, 77 S.Ct. 1112, 1 L.Ed.2d 1205 (1957). Because federal courts are of limited jurisdiction, there is a presumption against the existence of diversity jurisdiction. *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 792 (D.C.Cir. 1983), *cert. denied*, 467 U.S. 1210, 104 S.Ct. 2399, 81 L.Ed.2d 355 (1984). Accordingly, the party seeking the exercise of diversity jurisdiction bears the burden of pleading the citizenship of each corporate and individual party to the action. *See, e.g., Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978). An allegation of residence alone is insufficient to establish the citizenship necessary for diversity jurisdiction. *See* 13B Wright, Miller & Cooper, *Federal Practice*

*and Procedure* § 3611, at 517 (1984), and cases cited therein.

■ Here, Weiszmann alleges that this Court has jurisdiction pursuant to 28 U.S.C. § 1332, the diversity statute, and that the amount in controversy exceeds the sum of $10,000 exclusive of interest and costs, the requisite jurisdictional amount at the time the complaint was filed. Although the complaint alleges Weiszmann's state of residence as Florida, it fails to allege his state of citizenship.

In his response to Tesoro's motion, Weiszmann asserts that Tesoro's argument is res judicata because the United States Bankruptcy Court for the District of Colorado, on March 7, 1989, previously determined that plaintiff has been a Florida domiciliary since January 1988. Attached to his response is a copy of the Bankruptcy Court's Memorandum Opinion and Order dated March 7, 1989. Based upon the evidence presented, I conclude that diversity jurisdiction exists and Tesoro's motion to dismiss Weiszmann's state common law claims for lack of jurisdiction is denied without prejudice.

VI. Eighth Claim for Relief.

Weiszmann's eighth claim for relief, against all defendants, seeks damages for alleged outrageous conduct. The Oakbrook defendants move to dismiss the claim against them for failure to state a claim for relief pursuant to Fed.R.Civ.P. 12(b)(6). The Kirkland defendants move for a more definite statement.

A. *The Oakbrook Defendants.*

Liability for the tort of outrageous conduct has been found only where defendant's conduct has been extreme and outrageous, that is:

[T]he conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim 'outrageous!'

*Rugg v. McCarty*, 173 Colo. 170, 476 P.2d 753, 756 (1970).

"Although the question whether conduct is sufficiently outrageous is ordinarily a question for the jury, the court must determine in the first instance whether reasonable persons could differ on the outrageousness issue." *Denver Publishing Co. v. Kirk*, 729 P.2d 1004, 1007 (Colo.App. 1986) (quoting *Zalnis v. Thoroughbred Datsun Car Co.*, 645 P.2d 292, 294 (Colo. App.1982)).

Here, viewing the allegations against the Oakbrook defendants in the light most favorable to Weiszmann, I conclude that no reasonable person could find that Oakbrook defendants' conduct in its relationship with Weiszmann was so outrageous or extreme as to go "beyond all possible bounds of decency." *Rugg v. McCarty*, 476 P.2d at 756.

■ Weiszmann is correct in his contention that "conduct, otherwise permissible, may become extreme and outrageous if it is an abuse by the actor of a position in which he has actual or apparent authority over the other or the power to affect the other's interests." *Farmers Group, Inc. v. Trimble*, 658 P.2d 1370, 1377 (Colo.App. 1982), *aff'd*, 691 P.2d 1138 (Colo.1984).

■ Here, however, the substance of Weiszmann's eighth claim for relief is that the Kirkland defendants maliciously filed an involuntary bankruptcy petition against plaintiff while they were representing Weiszmann's wife and her employer, Oakbrook. Weiszmann alleges in his complaint against the Oakbrook defendants that defendant Klein gave approval for Grace Weiszmann to have time off from work for a trip with her husband in April 1988. That same month, Klein met with defendant Petrie to discuss the Kirkland defendants' filing of an involuntary bankruptcy petition against plaintiff. Klein "had no objection to the conflict with Plaintiff's bankruptcy matter," even though he was aware of plaintiff's emotional problems. Finally, Weiszmann alleges that Klein divulged "confidential information" to Petrie about the Weiszmann marriage which Petrie utilized. Accepting Weiszmann's allegations

as true, I conclude that even as Grace Weiszmann's employer, the Oakbrook defendants' behavior does not rise to the level of being "shocking to the conscience," or "so extreme or outrageous as to go beyond all possible bounds of decency or to be regarded as intolerable in a civilized society."

### B. *The Kirkland Defendants.*

 In view of liberal discovery rules and procedures available to all parties, a motion for more definite statement is generally discouraged. *Runyan v. United Brotherhood of Carpenters*, 566 F.Supp. at 608. However, where, as here, there are multiple defendants, the complaint should specify what conduct by each defendant gives rise to the asserted claim. *Van Dyke Ford, Inc. v. Ford Motor Co.*, 399 F.Supp. 277, 284 (E.D.Wisc.1975). Here, the eighth claim for relief alleges outrageous conduct and acts by the Kirkland and Oakbrook defendants collectively, and does not specify which Kirkland defendant did what. Accordingly, the Kirkland defendants' motion for more definite statement regarding Weiszmann's eighth claim for relief is granted.

### VII. Motion for Attorney's Fees.

 The Oakbrook defendants move this court for an award of attorney's fees pursuant to C.R.S. § 13–18–101, *et seq.* (which I will construe as § 13–17–101, *et seq.*). The Kirkland defendants also move for an award of attorney's fees pursuant to Fed.R.Civ.P. 11 and C.R.S. § 13–17–102. The Oakbrook defendants argue that although Weiszmann filed this action pro se, he is an attorney licensed to practice in Colorado, and as such, he should not have filed frivolous claims under the Uniform Marriage Act and for outrageous conduct. Having carefully reviewed plaintiff's complaint and the parties' respective motions, I conclude that the claims asserted against the Oakbrook defendants do not lack substantial justification and were not interposed for purposes of delay or harassment. Nor were the dismissed claims against the Kirkland defendants frivolous. Thus, the Oakbrook and Kirkland defendants' motions for attorney fees are denied.

Accordingly, IT IS ORDERED that:

1. Oakbrook defendants' motion to dismiss Weiszmann's second (negligent interference with marital relationship), third (intentional interference with marital relationship), and eighth (outrageous conduct) claims for relief is GRANTED and those claims are hereby DISMISSED WITH PREJUDICE.

2. Oakbrook defendants' motion for an award of attorney fees is DENIED.

3. Kirkland defendants' motion to dismiss Weiszmann's first ("Ethics Violations"), second (negligent interference with marital relationship), third (intentional interference with marital relationship), and seventh (abuse of process) claims for relief is GRANTED and those claims are hereby DISMISSED WITH PREJUDICE.

4. Kirkland defendants' motion to dismiss Weiszmann's sixth and eighth claims for relief is DENIED.

5. Kirkland defendants' motion for more definite statement regarding Weiszmann's sixth (RICO) and eighth (outrageous conduct) claims for relief is GRANTED. Plaintiff has twenty (20) days from the date of this Order to file with the Court a more definite statement regarding his sixth and eighth claims for relief to afford the Kirkland defendants an opportunity to frame a responsive pleading.

6. Kirkland defendants' motion for award of attorney's fees is DENIED.

7. Tesoro's motion to dismiss Weiszmann's sixth claim for relief is DENIED. Plaintiff has twenty (20) days from the date of this Order to amend his sixth claim for relief to state his RICO claim with particularity as required under Fed.R. Civ.P. 9(b).

8. Tesoro's motion to dismiss Weiszmann's seventh (prima facie tort) claim for relief for lack of jurisdiction is DENIED. Similarly, Tesoro's motion to dismiss Weiszmann's fourth, fifth, and eighth claims for relief for lack of pendent jurisdiction is DENIED.