Cyrus J. MALLETT

v.

TIMCO ELECTRICAL POWER AND CONTROLS, INC., Administaff, Inc., and Aetna Insurance, Inc.

Civ. A. No. 1:92–CV–384.

United States District Court,
E.D. Texas,
Beaumont Division.

Feb. 5, 1993.

John D. Stone, Stone & Stone, Beaumont, TX, for plaintiff.

John H. Spurgin II, McGinnis Lochridge & Kilgore, Austin, TX, for defendants.

## ORDER

COBB, District Judge.

### FACTS

Plaintiff was laid off by Timco Electrical Power and Controls, Inc. ("Timco") but continued his health insurance coverage with Blue Cross and Blue Shield of Texas ("BC/BS") under the Consolidated Omnibus Budget Reconciliation Act ("COBRA"). Plaintiff was diagnosed with cancer and received benefits until December 31, 1990. He alleges that effective January 1, 1991, Timco "fired" all of its employees, who were then "hired" by Defendant Administaff, Inc. ("Administaff") and leased back to Timco. Timco switched insurance companies from BC/BS to Aetna Insurance, Inc. ("Aetna"). As a result, BC/BS refused to continue Plaintiff's coverage and Aetna refused to cover him because he had never been employed by Administaff.

Plaintiff sued alleging acts of unlawful conspiracy, breach of contract, tort, and various statutory violations. On December 17, 1992, this court granted *Defendant Administaff's Motion for a More Definite Statement.*

### ADMINISTAFF'S AMENDED MOTION TO DISMISS

#### 1. *Background*

On January 13, 1993, Defendant Administaff filed its Amended Motion to Dismiss claiming Plaintiff's Amended Petition was still not definite enough. Specifically, Administaff complains that Plaintiff is merely repeating the same allegations that were in his original petition, i.e., that the various defendants' acts constitute "tort and various statutory violations." Administaff concludes its motion by stating:

> Assuming arguendo that Plaintiff has alleged each of the elements of a conspiracy, which Administaff believes that it has not, Plaintiff has failed to specify which tort actions and statutory provisions Administaff has supposedly committed or any facts to support such allegations. Administaff is no better able to read Plaintiff's mind and to assert ERISA preemption today than it was four months ago when it raised this concern to the Court.

#### 2. *Analysis*

Plaintiff's *First Amended Petition* is sufficient. Under the Federal Rules of Civil Procedure, a claim is not required to state all the elements of a particular cause of action. Fed.R.Civ.P. 8. Plaintiff must simply plead "a short and plain statement of the claim showing the pleader is entitled to relief...." Fed.R.Civ.P. 8(a)(2). By this requirement, a defendant must receive adequate notice of Plaintiff's claims to allow a response or a defense. *Weiszmann v. Kirkland & Ellis,* 732 F.Supp. 1540, 1545 (D.Colo. 1990).

Despite the fact that Plaintiff does not have to plead each element of a claim, *Wade v. Johnson Controls, Inc.,* 693 F.2d 19, 21 (2d Cir.1982), in this case, Plaintiff has sufficiently done so.

##### a. Conspiracy

To recover for a civil conspiracy, the plaintiff must prove:

1. two or more persons;

994

2. have an object to be accomplished; and

3. have a meeting of the minds on the object or course of action; and that

4. one or more unlawful, overt acts occurred; and

5. damages proximately resulted.

See e.g., McLean v. International Harvester Co., 817 F.2d 1214, 1220 (5th Cir.1987) (listing the two essential elements of Texas civil conspiracy and citing to Massey v. Armco Steel Co., 652 S.W.2d 932, 934 (Tex.1983) which provides a complete list of the elements).

 Here, plaintiff alleges:

1. Timco and Administaff;

2. in order to allow Timco to avoid paying medical benefits to its employees;

3. entered into a sham contract;

4. Timco performed a fictitious mass firing to avoid paying medical insurance—Administaff hired the same employees yet refused to continue coverage;

5. Plaintiff was denied coverage because of their scheme yet Administaff continued the employee benefit welfare plan for the Timco group by purchasing insurance from Aetna.

These facts sufficiently assert all of the elements of a civil conspiracy claim.

b. Statutory violations

Plaintiff alleges violations of both COBRA and Employee Retirement Income Security Act ("ERISA"). Administaff does not complain, nor does this court believe, that Plaintiff's COBRA claims are inadequate. After reviewing the Amended Petition, this court finds the ERISA allegations are also sufficient.

ERISA allows a civil action to be brought "by a participant or a beneficiary to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B) (1985). Furthermore, 29 U.S.C. § 1003(a)(1) (1976) provides:

Except as provided in subsection (b) of this section and in sections 1051, 1081, and 1101 of this title, this subchapter shall apply to any employee benefit plan if it is established or maintained by any employer engaged in commerce or in any industry or activity affecting commerce.

Employee health insurance plans generally fall under this section. See Fugarino v. Hartford Life & Accident Ins. Co., 969 F.2d 178, 183 (6th Cir.1992).

Here, Plaintiff is clearly asserting a cause of action for health insurance that he obtained through his employer. Plaintiff's claims fall under both ERISA and COBRA. Administaff's mere assertion that Plaintiff's claims are unclear is inadequate for this court to dismiss those claims.

3. Summary

Plaintiff summarized his Amended Petition by asserting tort and various statutory violations. Within the text of his petition, however, he sufficiently pled a cause of action for conspiracy, ERISA, and COBRA violations.

For the above stated reasons, it is ordered that Defendant Administaff's Amended Motion for Dismissal is DENIED.