Calvin L. ROBINSON, Plaintiff,

v.

BROWN & WILLIAMSON TOBACCO CORP., et al., Defendants.

Civ. A. No. 94-D-2712.

United States District Court, D. Colorado.

Dec. 29, 1995.

James H. Chalat, Denver, CO, for Plaintiff.

James E. Scarboro, Lewis A. Steverson, Arnold & Porter, William M. Maywhort, Holland & Hart, Englewood, CO, Michael L. O'Donnell, Parcel Mauro Hultin & Spaanstra, P.C., Denver, CO, for Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

DANIEL, District Judge.

This matter is before the Court on Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction. Though not relevant for purposes of reviewing the instant motion, the Court notes that plaintiff's underlying complaint is premised on products liability law. More specifically, plaintiff, an inmate at a federal penitentiary, alleges that he has been involuntarily exposed to defendants' unreasonably dangerous product via second hand smoke. The Court, having reviewed defendants' motion as well as plaintiff's responses thereto, hereby GRANTS without prejudice defendants' motion for the reasons discussed below.

■■■ To invoke the jurisdiction of a United States District Court, a complaint must allege affirmatively "the grounds upon which the court's jurisdiction depends." Fed. R.Civ.P. 8(a)(1). In the case of diversity actions, the complaint must allege the state of which each party is a citizen. *Penteco Corp. Ltd. Partnership–1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991); 28 U.S.C. § 1332. A final elementary tenet is that diversity jurisdiction requires complete diversity between a plaintiff and each defendant. That is, the plaintiff cannot be a citizen of any state of which any defen-

dant is also a citizen. *Oppenheim v. Sterling*, 368 F.2d 516, 518 (10th Cir.1966), *cert. denied*, 386 U.S. 1011, 87 S.Ct. 1357, 18 L.Ed.2d 441 (1967).

Turning to the particulars of the instant action, plaintiff, in his complaint, states that he is a citizen of Colorado where he has been incarcerated since April 1994. Plaintiff's complaint further states that defendants Brown and Williamson Tobacco Corporation, R.J. Reynolds Tobacco Company, and Phillip Morris Tobacco Company are respectively citizens of Kentucky, North Carolina, and Virginia, their principal places of business. 28 U.S.C. § 1332(c)(1). Before continuing, the Court notes that plaintiff's complaint does not list the state of incorporation of each defendant. However, defendants do not contest jurisdiction based on the possibility that their state of incorporation is the same as plaintiff's citizenship. That is, defendants do not assert that any of their states' of incorporation are Colorado, which is plaintiff's asserted citizenship.

■■■ Instead, defendants argue as a matter of law that plaintiff, as a prisoner, is not a citizen of Colorado. They correctly contend that for diversity purposes, a prisoner is a citizen of the state in which he was a citizen *prior* to incarceration. *Singletary v. Continental Illinois Nat'l Bank and Trust Co. of Chicago*, 9 F.3d 1236, 1238 (7th Cir. 1993) ("It [citizenship] should be the state of which he was a citizen before he was sent to prison unless he plans to live elsewhere when he gets out, in which event it should be that state."); *Sullivan v. Freeman*, 944 F.2d 334, 337 (7th Cir.1991) ("the domicile of the prisoner before he was imprisoned is presumed to remain his domicile while he is in prison"); *Jones v. Hadican*, 552 F.2d 249, 250 (8th Cir.) (per curiam), *cert. denied*, 431 U.S. 941, 97 S.Ct. 2658, 53 L.Ed.2d 260 (1977); *see also* Restatement (Second) of Conflicts of Law § 17 cmt. b (1988 rev.). Thus, since plaintiff failed to allege in his complaint the state of which he was citizen *prior* to his incarceration, defendants argue that it cannot be determined where he is now a citizen for diversity purposes. Though plaintiff, as evidenced by his response brief wherein he argues issues related to venue and restates

his position that he is a citizen of Colorado, essentially fails to appreciate the proposition that he is not a citizen of the state of his incarceration, he does nonetheless shed light on what his citizenship was prior to incarceration. Specifically, in his response brief, plaintiff states:

It is not plaintiff's intent as to his domicile that matters in this particular case. By order of the court plaintiff's necessary domicile is the United States enclave known as USP–HIGH, Florence, Colorado, for Life. Plaintiff has no other existing domicile. Any domicile that once existed in California, in which plaintiff was born and raised, has been totally destroyed by the order of the United States District Court for Northern California.

 Based on this statement, one might assume that plaintiff was a citizen of California prior to his incarceration, in which case complete diversity still exists. However, in light of the fact that there is a presumption against diversity jurisdiction and the burden is upon the one asserting it to affirmatively sustain it, the Court is not satisfied that diversity jurisdiction exists based solely on the inference that plaintiff's citizenship for diversity purposes prior to incarceration was California. *Bradbury v. Dennis*, 310 F.2d 73, 74 (10th Cir.1962) ("We start with the presumption against diversity jurisdiction, and the burden is and always has been upon the one asserting it to affirmatively sustain it."), *cert. denied*, 372 U.S. 928, 83 S.Ct. 874, 9 L.Ed.2d 733 (1963); *see also Weiszmann v. Kirkland and Ellis*, 732 F.Supp. 1540, 1547 (D.Colo.1990) (J. Babcock) (stating that since federal courts are of limited jurisdiction, there is a presumption against existence of diversity jurisdiction); *Whitelock v. Leatherman*, 460 F.2d 507, 514 (10th Cir.1972) (stating that the basis for federal court jurisdiction must be clearly evident on the face of the complaint). In short, since subject matter jurisdiction is a threshold issue capable of being raised at any time, this Court requires more than a "safe assumption" that jurisdiction probably exists.

Accordingly, defendants' instant Motion to Dismiss for Lack of Subject Matter Jurisdiction is hereby GRANTED, and it is OR-DERED that this action is DISMISSED WITHOUT PREJUDICE. It is further

ORDERED that plaintiff, if he chooses to refile his action, must affirmatively plead his state of citizenship (i.e. domicile) *prior* to his incarceration. Also, the Plaintiff is OR-DERED to review the other diversity requirements imposed by 28 U.S.C. § 1332(c)(1) and to conform his complaint to the requirements imposed by the statute.